10-4100-ag(L)
Hernandez v. Holder

## UNITED STATES COURT OF APPEALS

### FOR THE SECOND CIRCUIT

_____

August Term, 2012

(Submitted:    October 15, 2012       Decided: November 25, 2013)

Docket Nos. 10-4100-ag (Lead), 11-1833-ag (Con)

_____

PANTALEON HERNANDEZ,

*Petitioner*,

v.

ERIC H. HOLDER, JR., United States Attorney General,

*Respondent*.[*]

_____

Before:

KATZMANN, Chief Judge, KEARSE, Circuit Judge, and GLEESON, District Judge.[**]

        Petitioner Pantaleon Hernandez seeks review of two decisions of the
Board of Immigration Appeals:  the September 2010 dismissal of his appeal from an
immigration judge's decision to deny cancellation of removal, and the Board's April

_____

[*] The Clerk of Court is respectfully directed to amend the caption to read as shown above.
[**] The Honorable John Gleeson, of the United States District Court for the Eastern District of New
York, sitting by designation.

2011 decision not to reopen his case. The Board's initial decision was based in part on the exercise of the agency's discretion, and therefore is not reviewable here. But we agree with Hernandez that, in refusing to reopen proceedings, the Board erred by adhering to the IJ's conclusion that Hernandez had not met his burden of proving ten years of continuous physical presence. We therefore remand for further proceedings.

DISMISSED IN PART AND REMANDED IN PART.

———————————

KEVIN E. DEHGHANI, ESQ., New Haven, Connecticut, *for Petitioner*.

KEVIN J. CONWAY (Tony West, Assistant Attorney General, Civil Division; Richard M. Evans, Assistant Director, *on the brief*), Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., *for Respondent*.

———————————

JOHN GLEESON, *District Judge*:

Petitioner Pantaleon Hernandez seeks review of two decisions of the Board of Immigration Appeals: an initial decision affirming an immigration judge's decision not to cancel removal, and a subsequent decision not to reopen his removal proceedings. Hernandez argues that in declining to reopen proceedings, the Board erred by adhering to the immigration judge's prior conclusion that Hernandez had not met his burden of proving the ten years of continuous physical presence required for cancellation of removal under 8 U.S.C. § 1229b(b)(1)(A). We agree that the immigration judge's conclusion was not supported by substantial evidence. The Board's decision not to reopen proceedings was expressly premised on the same erroneous conclusion. We therefore remand to the agency for further proceedings.

## BACKGROUND

Pantaleon Hernandez was born in the Dominican Republic in 1971. According to Hernandez,[1] he came to this country by boat in July of 1996. His first child, a son, was born on March 16, 1998. Hernandez then married a different woman, an American citizen, on March 21, 2001. He lived with her from 2001 to 2006, when they separated. Because the check used to pay his I-130 petition bounced, Hernandez did not successfully adjust status on the basis of the marriage. Hernandez had a second child, born in October of 2001, with a third woman. As of the time of his 2009 hearing, he was living with a fourth woman, with whom he had his third child, in 2009. Hernandez testified that he pays court-ordered child support for his oldest child and pays some support each week to the mother of his middle child. His two older children sometimes stay with him on weekends. Hernandez has a close relationship with his children, as attested to by the children and others. Hernandez and his brother operate a produce business that grosses about $10,000 a year.

In April of 2007, Hernandez received a Notice to Appear charging him with being removable as an alien present in the United States without having been admitted or paroled, or who arrived in the United States at a time or place other than as designated by the Attorney General. *See* 8 U.S.C. §§ 1182(a)(6)(A)(i), 1227(a)(1)(A). At a September 2, 2008 hearing before an immigration judge ("IJ"), Hernandez conceded his removability but sought cancellation of removal, and another hearing was held on

---

[1] As discussed below, because the immigration judge did not find Hernandez incredible, we assume his credibility.

September 8, 2009.  After testimony from Hernandez and several other witnesses, the IJ denied relief and ordered Hernandez removed.  The IJ held that Hernandez had not established the ten years of continuous physical presence required for cancellation of removal, and also that the hardship to Hernandez's qualifying relatives was not severe enough to merit cancellation of removal.

Hernandez appealed to the BIA, which affirmed the IJ's initial decision on September 17, 2010, and Hernandez then petitioned for review of that decision in this Court, docketed as No. 10-4100.  While his first petition for review was pending in this Court, Hernandez sought to reopen proceedings in front of the BIA in order to introduce new evidence of, among other things, his daughter's recently-diagnosed medical condition.  But on April 8, 2011, the Board denied his motion to reopen. Hernandez petitioned for review of that decision as well, which has been docketed in this Court as No. 11-1833.  We consolidated the petitions, *see* 8 U.S.C. § 1252(b)(6), and the cases were submitted on October 15, 2012.[2]

**DISCUSSION**

Where, as here, the Board adopted and affirmed the Immigration Judge's findings and added its own discussion, this Court reviews the decision of the IJ as supplemented by the Board.  *See, e.g., Hongsheng Leng v. Mukasey*, 528 F.3d 135, 140 (2d Cir. 2008).  We review conclusions of law de novo, *see id*. at 141, and determinations of

---

[2] On October 22, 2012, pursuant to our decision in *In re Immigration Petitions for Review Pending in the U.S. Court of Appeals for the Second Circuit*, 702 F.3d 160 (2d Cir. 2012), we requested the government's views on the disposition of the case; after two periods of tolling, we renewed that request on June 6, 2013.  By letter on July 8, 2013, the government stated that it did not view the case as a low priority removal case such that removal would be unlikely.

fact for substantial evidence, treating administrative findings of fact as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B). Under § 1252(a)(2)(B)(i), we lack authority to review certain decisions left by statute to the government's discretion, including (as relevant here) the determination of whether a petitioner's removal would cause exceptional hardship to qualifying relatives, a necessary predicate for cancellation of removal under § 1229b(b)(1)(D).

Here, the agency's denial of cancellation of removal was based on two separate grounds, each sufficient to deny cancellation. Specifically, the IJ held both that Hernandez had failed to demonstrate ten years of continuous physical presence under § 1229b(b)(1)(A) and that Hernandez's removal would not cause Hernandez's citizen wife and children "exceptional and extremely unusual hardship" within the meaning of § 1229b(b)(1)(D). The Board affirmed both rulings. The hardship determination is outside the scope of our review. Although Hernandez briefly contests this conclusion, he essentially concedes that we may not review it. Thus, because the agency's initial decision denying cancellation of removal rests in part on the unreviewable exercise of the agency's discretion, we must dismiss No. 10-4100.

But the Board's decision under review in No. 11-1833 not to reopen Hernandez's underlying removal case is another matter. The Board expressly based *that* decision solely on Hernandez's failure to demonstrate ten years of continuous physical presence. Noting that Hernandez had not introduced any additional evidence of continuous physical presence in his motion to reopen, the Board declined to consider

5

Hernandez's new evidence of hardship to his daughter because of her recently-diagnosed medical condition. The Board's decision not to reopen was therefore based exclusively on a factual determination. As a result, we may review it.

We agree with Hernandez that the agency's finding is not supported by substantial evidence. In order to be eligible for cancellation of removal, Hernandez had to show (among other things) that he had been physically present for a continuous period of ten years preceding his April 2007 Notice to Appear. Thus, one key fact that Hernandez had to establish was his continuous presence in the United States starting in April 1997.

As the government concedes, the IJ made no adverse credibility determination in this case. Without such a finding, this Court assumes that Hernandez's testimony is credible. *See* 8 U.S.C. § 1229a(c)(4)(C) ("[I]f no adverse credibility determination is explicitly made, the applicant . . . shall have a rebuttable presumption of credibility on appeal."). Hernandez testified repeatedly that he arrived in this country on July 15, 1996 and has never left since that date.

Hernandez also introduced the birth certificate of his oldest child, on which Hernandez is listed as the father. The child was born in New York on March 16, 1998 to an American citizen. In combination with Hernandez's own testimony that he entered in July of 1996, the birth certificate constitutes strong circumstantial evidence that Hernandez was present in this country about nine months prior to March of 1998, *i.e.*, in June of 1997. Hernandez also offered proof of his address in Connecticut from 2001 to 2006 and other evidence of his presence in the United States in the 2000s.

Taking these pieces of evidence together, and in the absence of any evidence from the government tending to disprove Hernandez's presence, we find that the record permits only one reasonable conclusion: that Hernandez was continuously present in the United States from July of 1996 onward. We will therefore remand the case to the agency, where Hernandez will be able to present the new evidence of hardship in an attempt to reopen his case.

## CONCLUSION

Because we may not review the agency's exercise of discretion, we DISMISS No. 10-4100. For the reasons discussed above, we REMAND No. 11-1833 for further proceedings consistent with this opinion.