Lojano v. Holder

BIA
Straus, IJ
A094 230 594

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15ᵗʰ day of December, two thousand fourteen.

PRESENT:
> ROBERT D. SACK,
> GERARD E. LYNCH,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judges.*

_____

KLEVER ANTONIO MACAO LOJANO,

> *Petitioner*,

> v.                                    13-3502

ERIC H. HOLDER, JR., United States Attorney General,

> *Respondent.*

_____

**FOR PETITIONER:**          ELYSSA N. WILLIAMS, Formica Williams, P.C., New Haven, Connecticut.

**FOR RESPONDENT:**          JULIA J. TYLER, Trial Attorney (Stuart F. Delery, Assistant Attorney General, Jennifer P. Levings, Senior Litigation Counsel, *on the brief*), Office of

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Klever Antonio Macao Lojano ("Macao"[1]), a native and citizen of Ecuador, seeks review of an order of the BIA affirming the decision of an Immigration Judge ("IJ"), which denied his application for cancellation of removal. In re Klever Antonio Macao Lojano, No. A094 230 594 (B.I.A. Aug. 22, 2013), aff'g No. A094 230 594 (Immig. Ct. Hartford Oct. 2, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Macao argues that the IJ and the BIA erred in finding that he failed to establish that his removal would result in exceptional hardship for his citizen son, Jonathan, so as to render Macao eligible for cancellation of removal under 8 U.S.C. § 1229b(b)(1). Specifically, Macao claims that the IJ and the BIA assigned insufficient weight to Jonathan's reduced educational, medical, and economic opportunities in Ecuador. Those claims fall outside our jurisdiction.

Under 8 U.S.C. § 1252(a)(2)(B)(i), we lack jurisdiction to review "any judgment regarding the granting of relief under . . . 8 U.S.C. § 1229b." Mendez v. Holder, 566 F.3d

---

[1] Because an individual's first Spanish surname typically provides the family name and because petitioner's own brief refers to him as "Macao," we adopt the same convention.

316, 319 (2d Cir. 2009), quoting 8 U.S.C. § 1252(a)(2)(B)(i) (alterations omitted).  This

limitation includes the BIA's "determination of whether a petitioner's removal would

cause exceptional hardship to qualifying relatives, a necessary predicate for cancellation

of removal under § 1229b(b)(1)(D)."  Hernandez v. Holder, 736 F.3d 234, 236 (2d Cir.

2013).  Although we retain jurisdiction to address "constitutional claims or questions of

law," a petition that "essentially disputes the correctness of [the agency's] fact-finding or

the wisdom of [its] exercise of discretion" falls outside the scope of our appellate review.

Barco-Sandoval v. Gonzales, 516 F.3d 35, 39 (2d Cir. 2008) (internal quotation marks

omitted).  Macao's arguments that the IJ and the BIA should have granted relief based on

Jonathan's history of illness and the disruption of Jonathan's English-language education

challenge precisely the sort of fact-finding and discretionary judgment that

§ 1252(a)(2)(B)(i) casts outside our jurisdiction.

　　　While Macao tries to resurrect our jurisdiction by claiming to raise two legal

challenges, neither argument is persuasive.  First, Macao argues that the IJ and BIA so

profoundly misread and mischaracterized the facts regarding Jonathan's health and

education as to commit legal error.  As we have recognized, where "some facts important

to the subtle determination of exceptional and extremely unusual hardship have been

totally overlooked and others have been seriously mischaracterized," the agency's

resulting judgment is based on "an error of law."  Mendez, 566 F.3d at 323 (internal

quotation marks omitted).  But the IJ's and the BIA's judgments in this case involve no

such egregious mischaracterizations.  Although Macao insists that the agencies

3

"overlooked" evidence of Jonathan's obesity and hypertrophic cardiomyopathy, that evidence consisted only of a few notations in Jonathan's medical records referring to his "overweight" appearance and "HCM," with little elaboration. The IJ had an adequate basis in the record to find that those health concerns did not present exceptional circumstances given Macao's testimony that his son was "healthy" and saw his doctor "[o]nly for office checks." Similarly, Macao's claims on appeal that interrupting Jonathan's English-language schooling at an early age would stunt his linguistic development, or that Jonathan would be forced to work in lieu of attending school in Ecuador, find no support in the record, where Macao testified only that Jonathan does "very well" in school and made no mention of child labor. Neither the IJ nor the BIA committed legal error by "overlooking" material facts that Macao never raised in the proceedings below.

Second, Macao argues that the IJ applied an incorrect legal standard by equating an exceptional and extremely unusual hardship with "complete destitution" and by failing to consider the totality of his testimony. While a petitioner's challenge to a legal standard applied by the IJ or BIA is, of course, a question of law, we nevertheless "lack jurisdiction to review any legal argument that is so insubstantial and frivolous as to be inadequate to invoke federal-question jurisdiction." Barco-Sandoval, 516 F.3d at 40. Contrary to Macao's assertions, the agency did not apply the wrong standard. The IJ's reference to "complete destitution" came in the context of a holistic analysis of the evidence presented at Macao's hearing, including Macao's claims to some savings,

4

Jonathan's relative familiarity with Ecuador, and his strong family network there. Furthermore, the IJ correctly cited applicable precedents from the BIA defining an exceptional hardship as one "substantially beyond that which ordinarily would be expected to result from the person's departure." See In re Gonzales Recinas, 23 I. & N. Dec. 467, 468 (B.I.A. 2002). Because Macao's assertions that the IJ either neglected relevant evidence or conflated exceptional hardship with "destitution" find no support in the record, he fails to raise a legal challenge sufficient to invoke our jurisdiction.

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DENIED as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk