16-1586
*Salinas Ordonez v. Sessions*

BIA
Strause, IJ
A205 309 735

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand seventeen.

PRESENT:
            PIERRE N. LEVAL,
            PETER W. HALL,
            DENNY CHIN,
                    *Circuit Judges.*
_____

JOSE GUSTAVO SALINAS ORDONEZ,

        *Petitioner*,

        v.                                                          16-1586

JEFFERSON B. SESSIONS III, UNITED STATES
ATTORNEY GENERAL,

        *Respondent*.
_____

**FOR PETITIONER:**                    Gregory Osakwe, Hartford, CT.

**FOR RESPONDENT:**          Joyce R. Branda, Acting Assistant Attorney General; John S. Hogan, Assistant Director; David H. Wetmore, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the petition for review is **DENIED**.

Petitioner Jose Gustavo Salinas Ordonez, a native and citizen of Ecuador, seeks review of a May 3, 2016, decision of the BIA, affirming a January 6, 2015, decision of an Immigration Judge ("IJ") denying Ordonez's application for cancellation of removal and ordering him removed to Ecuador. *In re Jose Gustavo Salinas Ordonez*, No. A205 309 735 (B.I.A. May 3, 2016), *aff'g* No. A205 309 735 (Immig. Ct. Hartford Jan. 6, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the decisions of both the BIA and the IJ "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). We review the IJ's factual findings for substantial evidence and questions of law *de novo*. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Although our jurisdiction to review the denials of discretionary relief is limited, we retain jurisdiction to review whether an applicant has met the continuous presence requirement. *See Mendez v. Holder*, 566 F.3d 316, 320–22 (2d Cir. 2009); *see also Hernandez v. Holder*, 736 F.3d 234, 236–37 (2d Cir. 2013). We review the agency's continuous presence determination analyzing whether that determination is supported by substantial evidence and was decided in accordance with law. 8 U.S.C. § 1252(b)(4); *Hernandez*, 736 F.3d at 236–37.

2

Ordonez, who is not a lawful permanent resident, must demonstrate eligibility for cancellation of removal by establishing, among other things, that he "has been physically present in the United States for a continuous period of not less than 10 years" at the time the Notice to Appear is served. 8 U.S.C. § 1229b(b)(1)(A), (d)(1). Here, because the Notice to Appear was served in February 2013, Ordonez had to prove that he was in the United States as of February 2003. *See* 8 U.S.C. § 1229b(b)(1)(A), (d)(1) (ten-year physical presence requirement); *id.* § 1229a(c)(4)(A) ("An alien applying for relief or protection from removal has the burden of proof."). We conclude that Ordonez failed to meet his burden.

Ordonez maintained that he entered the United States in May 2000. The only evidence he offered to corroborate that date was a notarized letter from his friend, Luis Arevalo, reflecting that he and Ordonez lived in the same apartment building "since his arrival in 2000" until 2006. Arevalo's testimony, however, was inconsistent with his letter, reflecting that he and Ordonez began living in the same building in 2002. When asked to explain this discrepancy, Arevalo replied that he knew *of* Ordonez in 2000 but only began living in the same building in 2002. Because these inconsistencies called into question Arevalo's veracity, it was reasonable for the agency to afford diminished weight to Arevalo's letter and testimony, which was the only evidence to corroborate Ordonez's presence in the United States before February 2003. *See Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("We defer to the agency's determination of the weight afforded to an alien's documentary evidence.") (citations omitted).

The remaining evidence corroborates Ordonez's presence only as early as September 2003, as indicated by his Ecuadorian passport renewal. For these reasons, the agency did not err in finding that Ordonez failed to meet his burden showing ten years of continuous physical presence

3

preceding the February 2013 Notice to Appear.  *See* 8 U.S.C. §§ 1252(b)(4)(B), 1229b(b)(1)(A), (d)(1), 1229a(c)(4)(A).

We have considered Ordonez's remaining arguments and conclude that they are without merit.  Accordingly, the petition for review is **DENIED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
